IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAQUINCE HOGAN                                                                                    PLAINTIFF

v.                                            Case No. 6:24-cv-06108

SHARONDA LONG;
DEPUTY DIRECTOR WILLIAM
STRAUGHN; SGT DALE REED; and
PREA COORDINATOR AMANDA PASLEY                                          DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation filed on October 8, 2024, by the

Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.

(ECF No. 10).  Plaintiff has filed objections.  (ECF No. 15).  The Court finds the matter ripe for

consideration.

## I.  BACKGROUND

On November 29, 2021, Plaintiff filed his initial Complaint in the Eastern District of

Texas.[1]  On August 7, 2024, his claims against Defendants Long, Straughn, Reed and Pasley were

severed from that case and transferred to this District.  (ECF Nos. 1, 2).  On August 12, 2024, the

Court entered an Order directing Plaintiff to submit an Amended Complaint concerning only these

four Defendants.  (ECF No. 8).  Plaintiff submitted his Amended Complaint on August 30, 2024.

(ECF No. 9).

Plaintiff asserts two claims in his Amended Complaint.  (ECF No. 9).  Both claims center

around his time incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit.

First, Plaintiff claims that Defendant Long, an advanced physician's assistant, denied him medical

care by taking away his wheelchair on January 8, 2020, and his walker on January 15, 2020, which

---

[1] *Hogan v. Goodwin*, Case No. 5:21-cv-00144-RWS-JBB (E.D. Tex. Nov. 29, 2021).

caused him to fall outside of the medical clinic.  Plaintiff alleges that his fall resulted in "severe pain to [his] spine (neck and back) and more damage to the disc in [his] back."  (ECF No. 9, at 4). Plaintiff claims that he was left for weeks without any mobility aid.  (ECF No. 9, at 5).  Plaintiff also alleges that Defendant Long refused to see him on May 18, 2020, because he wrote a grievance about inadequate medical attention.  (ECF No. 9, at 4-5).  Plaintiff alleges that Defendant Long refused to provide him with medical treatment for months.  (ECF No. 9, at 5).  Plaintiff sues Defendant Long in both her official and individual capacities.  For his official capacity claim, Plaintiff alleges that Defendant Long violated the Wellpath and ADC policies to provide adequate medical treatment and care to all individuals within their custody.  (ECF No. 9, at 5).

Second, Plaintiff claims that Defendants Straughn, Reed, and Pasley violated his constitutional rights by failing to adequately investigate his report that he was sexually assaulted. (ECF No. 9, at 6).  Plaintiff alleges that he was sexually assaulted by a nurse at the Wadley Regional Memorial Hospital in Texarkana, Texas, on November 26, 2019.  Plaintiff states that he was an Arkansas Department of Corrections ("ADC") inmate being housed at the Bowie County Correction Facility in Texarkana, Texas, at the time of the assault.  Plaintiff states that he reported the assault to the authorities in Texas.  On December 30, 2019, Plaintiff was transferred back to the ADC Ouachita River Unit.  Plaintiff states that he then reported the assault to ADC officials, presumably Defendants Straughn, Reed, and Pasley.  Plaintiff asserts that the ADC officials dismissed his claim as "unable to substantiate."  (ECF No. 9, at 6).  Plaintiff claims that he "suffered pain to his anus" and "psychological pain, anxiety, depression, and PTSD" due to the assault.  (ECF No. 9, at 6).  Plaintiff sues Defendants Straughn, Reed, and Pasley in both their official and individual capacities.  For his official capacity claim, Plaintiff alleges that Defendants Straughn, Reed, and Pasley violated the Prison Rape Elimination Act ("PREA").  Plaintiff also

alleges that Defendants Straughn, Reed, and Pasley failed to protect him from being subjected to sexual assault by employees, contractors, or volunteers.  (ECF No. 9, at 6).

Plaintiff requests monetary damages from each Defendant.  Plaintiff also requests the Court to require Defendant Long to attend classes for abuse and anger and to require Defendants Straughn, Reed, and Pasley to attend PREA seminars and earn certificates.  Finally, Plaintiff requests that the Court issue an injunction to protect him from retribution.  (ECF No. 9, at 9-10).

On October 8, 2024, Judge Ford conducted a preservice screening of Plaintiff's Amended Complaint and made two recommendations.  First, Judge Ford recommends that the Court dismiss Plaintiff's claim against Defendants Straughn, Reed, and Pasley without prejudice for failure to state a claim.  (ECF No. 10, at 5).  Second, Judge Ford recommends that Plaintiff's claim for denial of medical care against Defendant Long proceed.  On October 28, 2024, Plaintiff filed timely objections to Judge Ford's recommendations.  (ECF No. 15).

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical*

*Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).   Generally, "objections must be timely and specific" to trigger *de novo* review.   *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).   The Court applies a liberal construction when determining whether *pro se* objections are specific.   *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).   "When conducting a *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous."   *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted).

In the instant case, Plaintiff only objects to Judge Ford's recommendation that his second claim be dismissed.[2]   (ECF No. 15, at 2).   Plaintiff explains that he was under the authority, control, and care of the ADC while he was being housed at the Bowie County Correction Center in Texarkana, Texas, because ADC had an interstate contract with Bowie County, Texas.   (ECF No. 15, at 2).   Plaintiff also argues that he has a right to be free from sexual assault under the PREA and an Eighth Amendment right to be free from cruel and unusual punishment.   (ECF No. 15, at 2).   Plaintiff restates that he can identify the person directly responsible for his assault and that he took every possible action to report it.

The Court finds that Plaintiff's objections were timely and specific.   Thus, the Court will conduct a *de novo* review of Plaintiff's second claim.   *See Thompson*, 897 F.2d at 358-59.   In his objections, Plaintiff argues that he has a right to be free from sexual assault under the Prisoner Rape Elimination Act and under the Eighth Amendment cruel and unusual punishment clause. (ECF No. 15, at 2).   Thus, the Court will consider Plaintiff's claims against Defendants Straughn, Reed, and Pasley under both the PREA and the Eighth Amendment.

---

[2] In his objections, Plaintiff clarifies and adds certain facts to his first claim, however, he states that he agrees with Judge Ford's finding that his first claim should proceed.  (ECF No. 15, at 1).

## A.    Failure to Investigate Sexual Assault under the PREA

Judge Ford recommends that Plaintiff's claim that Defendants Straughn, Reed, and Pasley failed to adequately investigate his sexual assault report be dismissed for failure to state a claim.

Plaintiff alleges in his Amended Complaint that Defendants Straughn, Reed, and Pasley "quickly dismissed" his report of the sexual assault as "unable to substantiate." (ECF No. 9, at 6). Plaintiff elaborates in his objection that he was able to identify the person responsible for the sexual assault and reported the assault to "every agency that he could," but that no one interviewed the perpetrator. (ECF No. 15, at 2).

The Prison Rape Elimination Act authorizes the federal government to give grants to States to implement procedures designed to detect, prevent, reduce, and punish prison rape. *See* 34 U.S.C. §§ 30301-30309. The Prison Rape Elimination Act does not provide an inmate with a private right of action pursuant to § 1983. *Doe v. Frakes*, No. 8:20CV128, 2022 WL 2373825, at 5 (D. Neb. June 30, 2022), *aff'd by* No. 22-2954, 2022 WL 19037650, at *1 (8th Cir. Dec. 20, 2022); *Johnson v. Garrison*, 859 F. App'x 863, 864 (10th Cir. 2021); *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017); *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015); *Wilmoth v. Sharp*, No. 6:15-cv-06057, 2018 WL 1092031, at *3 (W.D. Ark. Feb. 27, 2018). Thus, Plaintiff cannot state a claim solely under the PREA.

Further, to the extent that Plaintiff alleges that Defendants Straughn, Reed, and Pasley failed to properly respond to his grievances or to enforce compliance with internal prison rules, the Court agrees with Judge Ford that those claims are not actionable under § 1983. (ECF No. 10, at 5). The Eighth Circuit has held that prisoners do not have a constitutional right to a prison grievance procedure or to enforce compliance with internal prison rules or policies. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that a defendants' denial of a prisoner's

grievances did not state a substantive constitutional claim); *see Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having . . . prison officials follow prison regulations."); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy."). Accordingly, the Court finds that Plaintiff failed to state an actionable § 1983 claim that Defendants Straughn, Reed, and Pasley failed to properly respond to his report of sexual assault or follow the prison's PREA policy.

### B. Failure to Protect under the Eighth Amendment

In his objection, Plaintiff asserts that Defendants Straughn, Reed, and Pasley violated his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 15, at 2). Judge Ford notes in his Report and Recommendation that Plaintiff did not sufficiently allege an Eighth Amendment failure to protect claim because Plaintiff was in the custody of the Bowie County Correctional Center, not the ADC, when he visited the hospital where he alleges the sexual assault happened. (ECF No. 10, at 3 n.2). Plaintiff objects that he was under the control and care of the ADC while he was housed at the Bowie County Correctional Center because the ADC had an interstate contract with Bowie County, Texas, and because Plaintiff was sentenced by an Arkansas Circuit Court. (ECF No. 15, at 2).

The Court finds that Plaintiff has failed to state a claim that Defendants Straughn, Reed, and Pasley failed to protect him from being sexually assaulted in the hospital while he was in the custody of the Bowie County Correctional Center. To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Even considering Plaintiff's assertion that he was still under the control and care of the ADC when he was allegedly assaulted at the hospital in Texas as true, Plaintiff fails to allege any facts that Defendants Straughn, Reed,

and Pasley were personally involved in or had direct responsibility for the sexual assault.  Rather, Plaintiff's allegations involving Defendants Straughn, Reed, and Pasley are confined to their failure to investigate his sexual assault.

Further, an inmate asserting a failure to protect claim under the Eighth Amendment must allege both an objective component that there was a substantial risk of harm to him and a subjective component that the prison official was deliberately indifferent to that risk.  *See Arnett v. Norris*, 160 F.4th 921, 926 (8th Cir. 2025).  Plaintiff's claim fails at both components.  The objective component "ensures that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension."  *Id.*  The Eighth Circuit has held that a "risk of sexual assault is 'substantial' if it occurs with *sufficient frequency* that prisoners are put in reasonable fear for their safety."  *Id.* (quoting *Dean v. Bearden*, 79 F.4th 986, 989 (8th Cir. 2023)) (emphasis in original). Here, Plaintiff alleges that he was sexually assaulted once.

The subjective component of an Eighth Amendment failure to protect claim "requires that the prison officials have a sufficiently culpable state of mind."  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 935-40 (1994)).  The state of mind required is that of "deliberate indifference."  *Farmer*, 511 U.S. at 828 ("A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment.").  To be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*  (quoting *Farmer*, 511 U.S. at 837).  Even if Plaintiff alleged a substantial risk of harm, Plaintiff does not allege that any of the named Defendants were aware of any facts from which an inference could be drawn that there was a risk that he would be sexually assaulted at the hospital.   Accordingly, the Court finds that Plaintiff failed to allege a failure to protect claim.

Finally, the Court finds that Plaintiff failed to allege an official capacity claim against Defendants Straughn, Reed, and Pasley. Courts have "consistently recognized a general rule that, in order for [official capacity] liability to attach, individual liability first must be found on an underlying substantive claim." *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Where, like in this case, no defendant is found individually liable on an underlying substantive claim, the governmental entity cannot be held liable under § 1983. *Id.*

### III. CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 10) should be and hereby is **ADOPTED**. Plaintiff's claims against Defendants Straughn, Reed, and Pasley are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim against Defendant Long **MAY PROCEED**.

**IT IS SO ORDERED**, this 12th day of February, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge